IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Reginald Hines, | ) | Civil Action No.: 2:12-1890-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Drew, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 6, 2012, Petitioner Christopher Reginald Hines ("Petitioner"), an inmate in the Federal Bureau of Prisons housed at FCI-Bennettsville in Bennettsville, South Carolina, filed a *pro se* petition pursuant to 28 U.S.C. § 2241 seeking to have his conviction for conspiracy to commit money-laundering vacated claiming he is actually innocent of that offense on under the Fourth Circuit Court of Appeals decision of *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012). The Respondent moves to Dismiss or, in the alternative for, Summary Judgment[1]. (ECF No. 18). The case was referred to United States Magistrate Bruce H. Hendricks for pretrial handling and a Report and Recommendation ("Report") pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(b)(2)( c) for the District of South Carolina.

This matter now comes before the court for review of the Report issued on July 17, 2013, recommending that the Respondent's Motion for Summary Judgment be granted.

---

[1] The Magistrate Judge construed Respondent's Motion as a Motion for Summary Judgment because Respondent attached matters that are outside of the Pleadings to the Motion.

1

(ECF No. 30). On July 26, 2013, Petitioner filed timely objections to the Report. (ECF No. 34). Also pending before the court are Petitioner's Motion to Expedite (ECF No.22) and for Bond (ECF No. 33). For the reasons set forth herein, the court grants Respondent's Motion for Summary Judgment and dismisses all remaining motions as moot.

## BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. On September 8, 2004, pursuant to a written plea agreement, Petitioner pled guilty in the Western District of North Carolina to Counts One and Eleven of a second superseding indictment arising out of an extensive mortgage fraud and money-laundering scheme. (ECF No. 18-2 at 4 & 11). Specifically, in Count One, Petitioner pled guilty to conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) in Count Eleven. (ECF No. 18-3, 1). In the plea agreement Petitioner specifically stipulated that a factual basis existed to support his guilty pleas as to both counts. (ECF 18-3 at 13).

On September 8, 2004, a Rule 11 hearing was held before a United States Magistrate Judge. At the hearing the Magistrate Judge described the elements of the offense to which Petitioner was pleading guilty, counsel for the government summarized the substance of the crimes charged, and Petitioner acknowledged that he understood the charges. Petitioner also affirmed that he understood the potential penalties for each offense and also understood that the sentence to be imposed by the district court may be different than any estimate of the sentence recommended in the plea agreement. Petitioner also affirmed that he was pleading guilty freely and voluntarily. Counsel for the

2

government also recited in open court one of the more significant terms of the plea agreement that, as part of the plea agreement, Petitioner waived his right to appeal and to challenge his conviction or sentence in a post-conviction proceeding except with respect to allegations of ineffective assistance of counsel or prosecutorial misconduct, or a sentencing error limited to specific claims of error certified by the district court to require appellate review. (ECF No. 18-3 at 6). Petitioner acknowledged that counsel for the government had correctly stated the terms of the plea agreement. The Magistrate Judge accepted Petitioner's plea after finding the proffered plea was knowing and voluntary.

Thereafter, Petitioner, discharged his counsel due to irreconcilable differences over Petitioner's desire to withdraw his guilty plea. New Counsel was appointed for Petitioner and Petitioner filed a motion to withdraw his plea. The Magistrate Judge held a hearing on Petitioner's motion to withdraw his guilty plea. At the hearing, Petitioner asserted that he had maintained his innocence and only pled guilty under stress that his attorney was not prepared to represent him at trial. Thereafter, on April 21, 2005, the Magistrate Judge issued a Memorandum and Order denying Petitioner's motion to withdraw his plea. Petitioner objected to the Magistrate Judge's order and the district court held a hearing on Petitioner's motion to withdraw on August 23, 2005. After conducting a *de novo* hearing, the district court denied Petitioner's motion finding *inter alia* that Petitioner's plea was knowing and voluntary.

On September 28, 2005, the district court sentenced Petitioner to sixty (60) months in prison as to Count One and one-hundred and eighty-eight (188) months in prison as to Count Eleven, to run concurrently. (ECF No. 18-1 at 13-14). Petitioner filed a notice of appeal on September 28, 2005, and on April 2, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Hines*, 227 F. App'x 257-

58 (4th Cir. 2007).

On August 27, 2007, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina. In his petition, Petitioner alleged ineffective assistance of counsel, prosecutorial misconduct and actual innocence. On June 1, 2010, the Fourth Circuit Court of Appeals affirmed the denial of Petitioner's § 2255 petition for relief. Petitioner filed the instant action on July 6, 2012. (ECF No. 1).

Respondent filed a Motion to Dismiss or, in the alternative, for Summary Judgment on November 7, 2012 (ECF No. 18) arguing *inter alia* that Petitioner had waived his right to collaterally challenge his conviction in any post-conviction proceedings and that his claim of actual innocence fails on the merits. As Petitioner is proceeding *pro se*, an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), was issued on November 8, 2012, advising Petitioner of the importance for him to file an adequate response. (ECF No. 19). Petitioner filed his response on November 15, 2102 (ECF No. 21) and a Supplement on January 16, 2013 (ECF No. 23). Thereafter, the Magistrate Judge entered a Report recommending that Respondent's Motion for Summary Judgment be granted. On November 15, 2012, Petitioner filed a Motion to Expedite (ECF No. 22) and on July 26, 2013, Petitioner filed a Motion for Bond as well as objections to the Report. (ECF No. 33 & 34).

The Magistrate Judge recommends that the Court grant Respondent's Motion for Summary Judgment (ECF No. 19) and that Petitioner's Motion for Bond and Motion to Expedite be denied as moot. (ECF No. 22).

## REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final

determination remains with this court. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to the Report must be specific. In the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Schronce*, 727 F.2d 91 (1984). On July 26, 2013, Petitioner filed timely objections to the Magistrate Judge's Report. (ECF No. 34.)

## DISCUSSION

**1. Waiver Provision of Plea Agreement**

Petitioner asserts in his habeas petition that he is actually innocent of the money laundering conspiracy offense that he previously plead guilty to, pursuant to the Fourth Circuit Court of Appeals decision in *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012). (ECF 1-1 at 1). Respondent argues that Petitioner's motion for relief should be denied because, in his plea agreement, in exchange for concessions made by the United States, Petitioner waived his right to challenge his conviction in any post-conviction proceeding except on the basis of ineffective assistance of counsel, prosecutorial misconduct, or in the case of a sentencing error, limited to specific claims of error certified by the district court to require appellate review. (ECF No. 18 at 10-11). Respondent further argued that Petitioner knowingly and voluntarily waived his right to challenge his convictions through

5

post-conviction relief, which included relief pursuant to § 2241. Petitioner contends that the Fourth Circuit Court of Appeals has stated that proceedings that affect Constitutional Rights and fundamental fairness fall outside the scope of a waiver in a plea agreement.

After reviewing Petitioner's arguments, concerning whether or not he was bound by the plea agreement and reviewing the applicable law, the Magistrate Judge concluded that Petitioner had neither established that his sentence was illegal nor that the issues presented in his original petition fell into one of the three exceptions to the waiver provision of the plea agreement. Therefore, the Magistrate Judge recommended that Petitioner's plea agreement be enforced and that Petitioner's petition be denied. The court agrees.

Plea bargains rest on contractual principles, and each part should receive the benefit of its bargain. *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993). Here, the record reflects that Petitioner knowingly and intelligently agreed to waive his right to appeal in exchange for several concessions made by the United States. The United States has adhered to its part of the bargain. Allowing Petitioner to appeal on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. For the reasons set forth herein and in the Report, the court concurs with the Magistrate's conclusion that Petitioner's Petition for Relief must be denied because Petitioner has not established it was illegal or that if fell into one of the three exceptions to the waiver provision of the plea agreement.

In the alternative, the Magistrate Judge explained that even if Petitioner had not waived his right to challenge his money-laundering conspiracy conviction, his petition should still be denied on the merits.

**Money-Laundering Conspiracy**

In this action, Petitioner proceeds under 28 U.S.C. § 2241. Respondent argues that Petitioner's claim is not cognizable under a petition for a Writ of Habeas Corpus brought under § 2241 because it is in fact a successive § 2255 motion. Ordinarily, § 2241 is used to challenge the manner in which a sentence is executed, and is filed with the court where the prisoner is incarcerated. Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997). A § 2255 challenge is filed with the court where the prisoner was convicted and sentenced. If a § 2255 motion proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a § 2241[2] Writ of Habeas Corpus. *Id.* The petitioner bears the burden of demonstrating that a remedy under § 2255 is inadequate or ineffective. *See Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) ("the habeas petitioner generally bears the burden of proof"); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). A procedural barrier to bringing a § 2255 petition or a previous denial of a § 2255 petition does not establish that a remedy under § 2255 petition is inadequate or ineffective. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Laurie*, 207 F.3d 1075, 1077 (8th Cir.2000).

The Fourth Circuit Court of Appeals ("Fourth Circuit") has ruled that a § 2255 motion is inadequate and ineffective to test the legality of a conviction when three elements have been met. *In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000). First, "at the time of the

---

[2] A § 2241 petition typically challenges the manner in which a sentence is executed; however, a § 2241 petition may be used to challenge the legality of a conviction and sentence in the limited circumstances when § 2255 petition would be inadequate or ineffective to do so. *In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000).

conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . . ." *Id.* Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . . ." *Id.* Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

The Magistrate Judge noted that Petitioner meets the first and third prong of the *Jones* test. To determine whether or not Petitioner met the second prong of *Jones*, the Magistrate Judge reviewed recent case law, including *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012) which Petitioner relies upon for his claim of actual innocence. *United States v. Cloud* involved a mortgage fraud scheme. A jury convicted the defendant on multiple counts, including three counts of mail fraud, thirteen counts of bank fraud, and six counts of money laundering. *Id.* at 399. The Fourth Circuit reversed the substantive money laundering convictions where they were based on transactions that involved the "past and essential expenses of Cloud's mortgage fraud payment," namely Cloud paying the "recruiters, buyers, and coconspirators for services performed." *Id*. at 408. Thus, an impermissible merger occurred on those facts where Cloud was charged and convicted of fraud offenses and money laundering offenses. A merger problem can occur when a person is convicted "for paying the 'essential expenses of operating' the underlying crime." *United States v. Santos*, 553 U.S. 507, 528, 128 S.Ct. 2020, 170 L.Ed 2d 912 (2008). The Magistrate noted that the Fourth Circuit indicated in *Cloud* that *Santos* does not apply to conspiracy offenses because conspiracy offenses do not rely on specific transactions that are the cause of a merger problem." As such, the Magistrate Judge determined that Petitioner's § 2241 claim fails since Petitioner asserted that he was actually innocent of

8

money laundering conspiracy charges based upon *Cloud*[3]. Therefore, the Magistrate Judge recommended that the court grant Respondent's Motion for Summary Judgment.

Petitioner objects to the Magistrate Judge's recommendation.

### **PETITIONER'S OBJECTIONS**

Petitioner filed timely objections to the Report. Plaintiff offers four primary objections to the Report. First, Petitioner objects to the Magistrate's Judge discussion of the waiver portion of his plea agreement. Petitioner asserts that he is "actually innocent" and therefore the waiver portion of his plea is not enforceable. In the Report, the Magistrate Judge fully addressed Petitioner's arguments concerning his Plea, his arguments of "actual innocence", and addressed why the cases cited by Petitioner do not support his position. Upon review, the court does not find that Petitioner has directed the court to any specific error in the Magistrate Judge's analysis. Instead, Petitioner, for the most part, rehashes prior arguments presented and expresses his overall disagreement with the Magistrate Judge's conclusions. Therefore, the court overrules Petitioner's objection.

Petitioner's second objection relates generally to the Magistrate Judge's discussion on his money laundering conspiracy charge. Petitioner takes issue with a statement made by the Magistrate Judge that Petitioner "has made only a bald assertion that some of the proceeds . . . were used to make mortgage payments on behalf of the buyers . . . ." (ECF No. 30 at 23). Here, even it the Magistrate Judge was wrong that some of the profits from the mortgage fraud scheme were used to pay mortgage payments, this does not change the Magistrate's Judge's conclusion that Petitioner fails to meet the second prong of the

---

[3] In making this determination, the Magistrate Judge considered *inter alia* Petitioner's original petition and subsequent additional pleadings.

savings clause, namely that the substantive law has changed. Petitioner pled to a money-laundering conspiracy charge, not to the substantive charge of money laundering and as such there was no merger problem as addressed in *Cloud* and other cases referenced by Petitioner. Petitioner's objection is overruled.

Petitioner's third objection sets forth Petitioner's continuing disagreement with the Magistrate Judge's conclusion that Petitioner is not entitled to relief based on the cases of *Cloud* and *Santos*. Petitioner contends that these cases apply to money-laundering conspiracies. Petitioner misreads the cases. The Fourth has made clear that *Cloud* and *Santos* do not apply to conspiracy offenses. Thus, settled law has not changed to make Petitioner "actually innocent" of the money-laundering conspiracy offense he challenges. Petitioner's objection is overruled.

In Petitioner's fourth objection, he objects to the Magistrate Judge's determination that the claims Petitioner raises in "Petitioner's Supplement to his Petition" (ECF No. 13) are not properly raised in a § 2241 Petition. Here, Petitioner is complaining about his Plea. A habeas petition pursuant to § 2241 is not the proper vehicle to attack his plea. *Moses v. Pettiford*, 2007 WL 1447745 (D.S.C. 2007). Upon review, the court finds no error in the Magistrate Judge analysis of this issue. Petitioner's objection is overruled.

## **CONCLUSION**

The court has carefully reviewed the objections made by Petitioner and has conducted the required *de novo* review. After considering the Petition, the record, the applicable law, and the Magistrate Judge's Report, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Petitioner's petition for a Writ of Habeas Corpus relief is DENIED and Respondent's motion for summary

judgment is GRANTED.  All remaining motions are deemed MOOT.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of APPEAL ABILITY provides that:

(c) (2) A certificate of APPEAL ABILITY may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of APPEAL ABILITY . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

September 30, 2013
Spartanburg, South Carolina